UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| DEAN COCHRUN, | ) | CIV. 12-5022-JLV |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING CASE |
| | ) | |
| vs. | ) | |
| | ) | |
| JUSTIN ASHLEY, | ) | |
| | ) | |
| Defendant. | ) | |

On April 16, 2012, plaintiff Dean Cochrun filed a civil complaint against defendant, motions for leave to proceed *in forma pauperis*, for appointment of counsel, and for a writ *ad testificandum*. (Dockets 1, 3, 5, & 6). At that time, Mr. Cochrun was an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. (Docket 1).

The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners to make an initial partial filing fee payment when possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Mr. Cochrun provided a copy of his prisoner trust account report signed by an authorized prison official. (Docket 4). The report shows an average

monthly deposit for the past six months of $31.02, an average monthly balance for the past six months of negative $12.02, and a current balance of negative $33.90.  Id.  Mr. Cochrun represented he has no other assets of any kind. (Docket 3).  In light of this information, the court finds Mr. Cochrun is not required to make an initial partial filing fee.

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee."  Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).  "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

"Federal courts are courts of limited jurisdiction . . . ."  Mamot Feed Lot and Trucking v. Hobson, 539 F.3d 898, 902 (8th Cir. 2008).  "[A] district court's federal question jurisdiction extends only to 'civil actions arising under the Constitution, laws, or treaties of the United States.' "  Id. (citing 28 U.S.C. § 1331).  Diversity jurisdiction is limited to cases in which that "controversy

exceeds the sum . . . of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). "[S]ubject matter jurisdiction is a threshold question [which] must [be] address[ed] at the outset." Carton v. General Motor Acceptance Corp., 611 F.3d 451, 455 (8th Cir. 2010). "The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987).

Federal Rule of Civil Procedure 8(a) requires a plain statement of the grounds for jurisdiction of the court and a concise statement of the claim showing that the claimant is entitled to relief. Fed. R. Civ. P. 8(a). Mr. Cochrun's complaint alleges a violation of South Dakota state law, SDCL § 20-9-1 (Abduction, enticement and seduction forbidden by rights of personal relation). (Docket 1). This is not the basis for a federal claim.

The complaint also fails to satisfy the diversity jurisdiction requirements of 28 U.S.C. § 1332(a)(1), because there is no statement of diversity of citizenship between plaintiff and defendant and the amount in controversy does not exceed $75,000. Id. The complaint seeks compensatory damages of $15,000 and punitive damages of $15,000. Id. The complaint seeks compensatory damages, not for himself, but for Jamie Cochrun. Id. The law is clear that Mr. Cochrun may represent himself in federal court. 28 U.S.C.

§ 1654. However, Mr. Cochrun as a non-lawyer cannot assert a claim on behalf of Jamie Cochrun. <u>Elustra v. Mineo</u>, 595 F.3d 699, 704 (8th Cir. 2010) ("pleadings may be brought before the court only by parties or their attorney").

Mr. Cochrun's complaint fails to identify a basis for federal jurisdiction. Whether the complaint asserts a state law claim against the defendant need not be resolved at this juncture. The court chooses rather to exercise its discretion to dismiss any state law claim when all federal claims have been dismissed. 28 U.S.C. § 1367(c). <u>See</u> <u>Gibson v. Weber</u>, 431 F.3d 339, 342 (8th Cir. 2005) (Congress unambiguously granted district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state-law claims when all federal claims have been dismissed).

The court finds Mr. Cochrun's complaint fails to state a federal claim upon which relief may be granted. Because the court has chosen not to exercise supplemental jurisdiction over any potential state claim, the court has not determined whether the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g). Accordingly, it is hereby

ORDERED that Mr. Cochrun's motion to proceed *in forma pauperis* (Docket 3) is granted.

IT IS FURTHER ORDERED that the institution having custody of Mr. Cochrun is hereby directed that, whenever the amount in Mr. Cochrun's

trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's Office, pursuant to 28 U.S.C. § 1915(b)(2), until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Docket 5) is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion for a writ *ad testificandum* (Docket 6) is denied as moot.

Dated June 13, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE